## WHEELER *v.* BANCROFT.

A note, for a certain sum, to be paid annually, the consideration of which is a conveyance to the maker and his heirs of a right of flowage, to be void on failure to pay the sums secured by the note at the times specified, is binding on the maker, although he has failed to pay it when due, and so broken the condition of the conveyance.

A judgment for the defendant, upon an award, in an action brought to recover one of the annual payments secured by such note, is no bar to an action for a subsequent payment, even though the award was made upon the opinion of the arbitrators, that the note was not binding on the maker.

ASSUMPSIT, upon a note dated on the first day of January, 1837, by which the defendants, in consideration of a conveyance on that day made to them by the plaintiffs,

of a right to flow certain land in Sharon, promised to pay them the sum of $25 on the first day of January each year. The sums demanded were those that, by the terms of the note, would have been due on the first of January, 1844, 1845, and 1846.

The defendants pleaded the general issue, with a brief statement of a judgment, recovered by the defendants against the plaintiffs, in an action brought by the latter to recover two previous instalments upon the same note.

The deed named in the note, reciting the consideration of $25 to be by the defendants paid annually to the plaintiffs, purported to convey to the defendants the right to flow a tract of land in Sharon, described in the deed, by means of a dam therein designated, whenever the water may be necessary or convenient for certain mills, there referred to, "to have and to hold to the said Bancroft & Cram, their heirs' and assigns, so long as the said Bancroft & Cram shall pay to the said Wheelers, their heirs and assigns, the sum of $25, on the first day of January in each year hereafter; and in case they shall at any time neglect or refuse, for the space of ten days after the first day of January in each year, to pay said sum, then this deed shall be null and void; otherwise in force."

The defendants contended that the note and deed were to be construed together as parts of the same contract, the effect of which was, that the plaintiffs released their right to damages for flowing their land, so long as the defendants should pay the stipulated sum of $25 annually, and that the defendants had the right to elect whether to pay the money within the ten days limited for that purpose, or withhold the payment, and so forfeit their right under the grant, and subject themselves to an action on the case for the recovery of damages, and that no action could be maintained upon the note from the time the defendants elected the latter alternative; but the court held otherwise.

The defendants proved that an action had been brought against them by the plaintiffs, to recover the instalments alleged to be due upon the first day of January in the years 1842 and 1843; that the action had been referred by a rule of court to referees, who reported that the defendants recover of the plaintiffs the costs of the reference, and that judgment was rendered upon the report at the December term of the court of common pleas, in 1845, and contended that the judgment was a bar to the present action; but the court held otherwise.

The defendants then offered to prove that the referees made their award upon the ground that the plaintiffs can maintain no action upon the note from the time that the defendants elect, by refusing to pay the instalments within the time limited, to forfeit the rights under the deed, which depended upon the condition of such payments being so made; but the court rejected the evidence.

The defendants then offered to prove that at the time when the note and deed were executed, they had the right to flow the land of the plaintiffs in as full a manner as the deed purported to give it to them, and contended that in such a state of facts the note was without consideration, and that for that cause the action could not be maintained; but the court also declined to receive the evidence of the facts, and the defendants excepted to the several rulings.

A verdict was thereupon taken, by consent, for the plaintiffs, subject to the opinion of the court upon the foregoing case.

*G. Y. Sawyer*, for the defendants. The instrument declared on, though in form a note, will not be deemed such in construction, if it will not so effect the intent of the parties. 6 N. H. Rep. 401.

The parties did not mean that the defendants should be required to pay the $25 at all events, but should elect to

pay it as a compensation for the flowage or submit to be sued for the flowage, in an action on the case.

*Farley*, for the plaintiffs. The forms of the instruments are precise and unambiguous. The note cannot be avoided, unless at the election of the plaintiffs.

GILCHRIST, J. The contract on which this action is brought is as follows :

"In consideration of a conveyance, this day made to us by Samuel C. Wheeler, Samuel W. Wheeler, and William Wheeler, 3d, of a certain right of flowing their land in Sharon, we hereby promise to pay them the sum of $25 on the first day of January in each year."

On the day of the date of that paper, which was the 2d of January, 1837, the plaintiffs conveyed to the defendants and their heirs, by deed, in consideration of the sum of $25, to be paid to them annually on the first day of January of each year, the right to flow a tract of land which the deed describes, situated in Sharon, &c., whenever the water may be convenient or necessary for the profitable improvement of the mills, to hold so long as they shall pay the sum of $25, on the first day of January, therefor; and upon their neglect or refusal for ten days to pay the sum due, the deed was by its terms to be " null and void," otherwise in force.

The defendants say that the note and deed, having been made at the same time, and relating to the same subject, should be taken together, and construed as forming one contract, and that the effect of that contract is, that the plaintiffs released their claim for damages for flowing their land, so long as the defendants should pay them $25 a year, and that the defendants might elect to pay the money, and thus preserve the right acquired by the deed, or, by refusing to pay, forfeit the right; that by the forfeiture of the right of flowing, the consideration of the

yearly payment of money would fail, and with the consideration the plaintiffs' right of action for the money.

By the deed, the defendants derive the right to themselves and their heirs, to flow the plaintiffs' land for an indeterminate period. That is what the deed secures to them. But for the plaintiffs' security the deed makes a provision, that upon the defendants' default for ten days to make payment, the deed shall be void. If, therefore, the defendants should so fail to make the payments, the deed would be void, or rather voidable; that is, it would cease to give them the right or privilege to flow the plaintiffs' land, at least until these parties, by accepting the money after the day, or by some sufficient measures for that purpose, waive the forfeiture.

Now if the deed were all the contract that existed between the parties, it is plain that the defendants would have had the power to put an end to it whenever they pleased to do so, by simply omitting to pay the money, and the contract would be substantially the same, which they insist on in their construction of the deed and note together.

But it seems that the parties did not intend to make a contract which should bind one and leave the other free. They intended to make the contract mutual. The plaintiffs sold the right of flowing for all time, and the defendants, in payment, promised to pay twenty-five dollars a year during the period indicated in the note. It was for the purpose of rendering the contract mutual that the note was given. It is impossible to assign a different purpose.

If no note had been given, then the parties would have been bound only by the stipulations in the deed. These bound the plaintiffs only, and did not require the defendants to pay any thing longer than they chose to continue to flow the land, and to enjoy the protection of the grant. This was the state of things the parties sought to avoid,

by placing in the plaintiffs' hands the means of enforcing the yearly payments which formed the consideration for the grant. To say that the defendants are not bound to pay the note is somewhat like saying that an action cannot be maintained upon a note secured by a mortgage, upon the ground that the mortgagor may suffer the land to be taken.

The case bears an obvious analogy to the common case of an agreement for the purchase of land. The vendor gives a bond to convey the land upon the payment of a sum of money at a day certain, and the purchaser gives his notes for the payment of the money. Without the notes the contract would bind the vendor only, and the purchaser would enjoy the election, whether to proceed by making the payments at the day, or, by declining to do so, throw up the transaction. But the notes make the contract mutual, and then, if the purchaser omit to pay, the vendor may enforce the contract by a suit upon the notes, and the defendant cannot say that, by failing to pay at the day, he has lost the benefit of the purchase, and the notes are, therefore, without consideration. The failure to pay at the day enabled the vendor to abandon the bargain, if he chose to do so; but he still had the right, which they ordinarily have to whom money is due at a day certain, to waive the lapse of time, and accept it after it is due. It would be difficult, upon the principle which the defendant seeks to apply to the construction of this contract, to frame a contract that should be mutually binding, and that would not be open to the defence here set up. The moment one party fails to perform, he forfeits the right to exact the consideration from the other; but that fact does not deprive the latter of the power of enforcing a compliance; nor does it absolve him, having enforced it, from rendering the equivalent that would have been due upon a prompt and seasonable compliance.

With respect to the arbitration and award, the specific

claim in controversy in that case was not the same here litigated. It is nothing to the purpose that the arbitrators decided it upon principles, which, if adopted, would be decisive of the present action. The authority of the arbitrators did not extend beyond adjusting the specific claim before them. They were not authorized to settle principles of law and equity in the abstract for the regulation of claims that might not be made. We can look no further than the award. The reasons on which it was founded were such as the arbitrators supposed, no doubt, to be just, but the parties to this suit are not bound by the opinions of the arbitrators on abstract doctrines of law or of equity.

There must be                    *Judgment on the verdict.*